Barry Rosen
136 S. Clark Dr. #5
Los Angeles, CA 90048
Telephone:  (323) 653-2043
Email: brcopyright@pacbell.net

In Propria Persona

**FILED**

18 JAN -2  PM 12: 58

CLERK  U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____   DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Rosen,<br><br>    Plaintiff,<br><br>    vs.<br><br>eBay, Inc., and Does 1 through 10,<br><br>    Defendants. | **Case No.**  '18CV0002 MMA JLB<br><br>**Complaint for Copyright Infringement**<br><br>**Demand for Jury Trial** |

Plaintiff Barry Rosen ("Plaintiff") alleges:

### Jurisdiction and Venue

1. ***Subject Matter Jurisdiction.*** This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. ***Venue.*** Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 (b), (c),(d) and Section 1400(a).

3. ***Personal Jurisdiction.*** Personal jurisdiction is proper over the Defendants because

**Complaint for Copyright Infringement**

1

Barry Rosen
136 S. Clark Dr. #5
Los Angeles, CA 90048
Telephone: (323) 653-2043
Email: brcopyright@pacbell.net

In Propria Persona

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Rosen, | **Case No.** |
| Plaintiff, | **Complaint for Copyright Infringement** |
| vs. | **Demand for Jury Trial** |
| eBay, Inc., and Does 1 through 10, | |
| Defendants. | |

Plaintiff Barry Rosen ("Plaintiff") alleges:

### Jurisdiction and Venue

1. ***Subject Matter Jurisdiction.*** This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. ***Venue.*** Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 (b), (c),(d) and Section 1400(a).

3. ***Personal Jurisdiction.*** Personal jurisdiction is proper over the Defendants because

they either reside in California or the wrongful activity at issue concerns Defendants' operation of commercial businesses through which Defendants knowingly transact business and enter into contracts with individuals in California, including within the County of San Diego. Each of the Defendants, therefore, has purposefully availed itself of the privilege of doing business in California, and material elements of Defendants' wrongdoing occurred in this State, *i.e.*, Defendants caused the infringing images to be distributed to and displayed in San Diego County to thousands of persons. Furthermore, Defendants are subject to a settlement agreement/court order in the Southern District of California, in which the court retained jurisdiction to enforce and which was also violated as part of the infringing activities alleged in this Action.

4.   Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

5.   Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At some unknown time, the Defendants, or some of them, entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. The actions described below were taken in

**Complaint for Copyright Infringement**

furtherance of such conspiracy. Defendants aided and abetted each other in the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

### First Claim for Relief for Copyright Infringement
### (Against All Defendants)

6.  Plaintiff realleges the preceding paragraphs.

7.  Plaintiff is a photographer. Plaintiff created the photographs identified below ("Photographs") by subject, registration number and registration title. Each of the Photographs consists of material original with Plaintiff and each is copyrightable subject matter. Plaintiff is the owner of all right, title, and interest in and to each of the Photographs and they were not works for hire. Plaintiff has registered the copyrights for the Photographs and has been issued Certificates of Registration.

8.  Under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photographs. (17 U.S.C. § 106(1), (3), and (5).)

9.  Defendant eBay, Inc. ("Ebay") is a company headquartered in California that provides a venue that is a marketplace for Internet sales and auctions.

### Defendants' Infringing Activities

10. Within the last three years, Plaintiff discovered that Defendants, without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photographs, (2) distributed, made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photographs, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photographs on the websites ebay.com, ebayimg.com, ebaystatic.com and on other third party websites, including but not

**Complaint for Copyright Infringement**

limited to, on the website of its business partner Terapeak (Terapeak.com) for the purpose of both facilitating the sale of unauthorized infringing items using/featuring Plaintiff's Photographs and for the purpose of promoting eBay itself. Details of the infringements are set forth below.

**Gena Lee Nolin, Registration No.VAu 1-219-060 (5 Separate Images)**
**Gena Lee Nolin, Registration No.VAu 1-219-058 (1 Image)**
**Gena Lee Nolin, Registration No.VA 1-230-956 (1 Image)**
**Pamela Anderson, Registration No.VAu 1-219-058 (4 Separate Images)**

11. On or about July 23, 2015, Plaintiff sent six (6) separate Notices of Claimed Infringement "("NOCI's")" to eBay related to infringement of Plaintiff's copyrights for a seller using the name mmgarchives. eBay processed the notices on July 23, 2015, but failed to expeditiously remove/disable the infringing activities from its Websites.

12. On or about the evening of July 23, 2015 Plaintiff sent two (2) more separate NOCI's to eBay related to infringement of Plaintiff's copyrights for a seller using the name mmgarchives. eBay processed the notices on July 24, 2015, eBay processed the notices on July 23, 2015, but failed to expeditiously remove/disable the infringing activities from its Websites.

13. Plaintiff is informed and believes eBay also failed suspend/terminate the seller mmgarchives account pursuant to its obligations under Paragraph 3 of the 2004 Stipulated Order in 04-CV-0098 and its own 17 USC 512(i) termination policy.

14. Plaintiff is informed and possesses documents know as "Mac Notes" produced by eBay pursuant to a discovery subpoena in a lawsuit against mmgarchives, that demonstrates that eBay had received numerous NOCI's from third parties prior related to the various accounts operated by mmgarchives, prior to Plaintiff's NOCI's but failed to terminate seller mmgarchives account(s) pursuant to its obligations under Paragraph 3 of the 2004 Stipulated Order in 04-CV-0098 and its

own 17 USC 512(i) termination policy.

15. Plaintiff is informed and believes that eBay distributed/redistributed both the infringing listing data and infringing Photographs to Terapeak for its own purposes and/or profited from such unlawful distribution pursuant to a licensing agreement with Terapeak.

## Roseanne, Registration No. VA 1-230-939 (3 Separate Images)
## Roseanne, Registration No.  VAu001234288 (3 Separate Images, 4 Infringements)

16. On or about November 22, 2015, Plaintiff sent seven (7) separate NOCI's to eBay related to infringement of Plaintiff's copyrights for a seller using the name mmgarchives. eBay processed the notices on November 23, 2015, but failed to expeditiously remove/disable the infringing activities from its Websites.

17. Plaintiff is informed and believes eBay also failed suspend/terminate the seller mmgarchives account pursuant to its obligations under Paragraph 3 of the 2004 Stipulated Order in 04-CV-0098 and its own 17 USC 512(i) termination policy.

18. Plaintiff is informed and possesses documents know as "Mac Notes" produced by eBay pursuant to a discovery subpoena in a lawsuit against mmgarchives, that demonstrates that eBay had received numerous NOCI's from third parties prior related to the various accounts operated by mmgarchives, prior to Plaintiff's NOCI's but failed to terminate seller mmgarchives account(s) pursuant to its obligations under Paragraph 3 of the 2004 Stipulated Order in 04-CV-0098and its own 17 USC 512(i) termination policy.

## Roseanne, Registration No. VA 1-230-939 (1 Image)

19. On or about December 1, 2015, I sent one (1) additional NOCI' to eBay related to infringement of my copyrights for a seller using the name mmgarchives. eBay processed the notice on December 2, 2015, but failed to expeditiously remove/disable the infringing activities from its Websites.

20. On or about December 2 2015,Plaintiff discovered that eBay had

**Complaint for Copyright Infringement**

distributed/redistributed both the infringing listing data and infringing Photographs to Terapeak related to both the November 22 and December 1, 2015 NOCI's for its own purposes and/or profited from such unlawful distribution pursuant to a licensing agreement with Terapeak.

21.   Plaintiff is informed and believes eBay also failed suspend/terminate the seller mmgarchives account pursuant to its obligations under Paragraph 3 of the 2004 Stipulated Order and its own 17 USC 512(i) termination policy.

22.   Plaintiff is informed and believes that eBay should have imposed an indefinite suspension (i.e. terminated) user mmgarchives after having received four (4) NOCI's pursuant to its own purported termination/suspension policy.

23.   Plaintiff is also informed and believes that eBay had an obligation to suspend/terminate the user mmgarchives after having received four (4) NOCI's within 150 days, pursuant to Paragraph 3 of a November 15, 2004 court order in case 04-CV-00989 (S.D. Cal) and that because it failed to do so was in contempt of that court order as eBay had received more than four (4) NOCI's (specifically 8) within 150 days before Plaintiff sent his first NOCI in July 2015.

24.   Plaintiff is also informed and believes that eBay had an obligation to suspend/terminate the user mmgarchives after having received four (4) NOCI's within 150 days, pursuant to Paragraph 3 of a November 15, 2004 court order in case 04-CV-00989 (S.D. Cal) and that because it failed to do so was in contempt of that court order as eBay had received more than four (4) NOCI's within 150 days when Plaintiff sent his first NOCI in July 2015.

25.   Although eBay purportedly removed the infringing listing(s) from being accessible to the public, Plaintiff is aware that eBay fully failed to delete or remove access to both the listing data and infringing images from its servers. As a result, Plaintiff now believes that eBay knowingly licensed or otherwise distributed both the infringing images and listing data to Terapeak for the purpose of both facilitating

**Complaint for Copyright Infringement**

the sale of unauthorized infringing items using/featuring Plaintiff's Photographs and for the purpose of promoting eBay itself even though it had actual knowledge of the infringing activity by virtue of Plaintiff's having reported the infringing activities via Notices of Claimed Infringement (NOCI's).

26. Although eBay purportedly removed the infringing listing(s) from being accessible to the public, Plaintiff is aware that eBay failed to delete or remove access to the listing data and infringing images from its servers. Because it failed to fully remove both listing data and the images from its servers, eBay knowingly licensed or otherwise provided both the infringing images and listing data to Terapeak even though it had actual knowledge of the infringing activity by virtue of Plaintiff having reported the infringing activities.

27. Plaintiff is informed and believes that eBay unlawfully distributed Plaintiffs photographs to other websites including but not limited to picclick.com for its own purposes.

### eBay is not Entitled to any DMCA Safe Harbor

28. By its own admission, eBay did not have a designated DMCA agent pursuant to 17 U.S.C. 512(c)(2) at the time of the infringing activities at issue and did not have such a designated agent since at least sometime in July 2015 and therefore **cannot qualify for any DMCA safe harbor in the first instance**.

29. Plaintiff is informed and believe that eBay did not have (and never has had) a DMCA designated agent pursuant to 17 U.S.C. 512(c)(2) for the websites ebayimg.com, ebaystatic.com and therefore can never qualify for qualify for safe harbor related to infringements/infringing activities by the user mmgarchives relating to Information Residing on eBay's Systems or Networks At Direction of Users.

30. Plaintiff is informed and believes that eBay did not publish or otherwise inform its users and account holders of its termination policy pursuant to 17 U.S.C. 512(i)

**Complaint for Copyright Infringement**

7

and as modified by Paragraphs 2(b), 2(d) and 3 of the November 15, 2004 court order in case 04-CV-00989 (S.D. Cal) and therefore **cannot qualify for any DMCA safe harbor and was in contempt of a court order**.

31.   Plaintiff is informed and believes that eBay did not adopt or implement a termination policy pursuant to 17 U.S.C. 512(i) and as modified by Paragraphs, 2(d) and 3 of the November 15, 2004 court order in case 04-CV-00989 (S.D. Cal) and therefore **cannot qualify for any DMCA safe harbor and was in contempt of a court order**.

32.   Plaintiff is informed and believes that eBay had either actual or constructive ("red flag") knowledge of the infringing activities by mmgarchives prior to the first reported infringement of Plaintiff's photograph(s), but failed to take appropriate actions to terminate the seller pursuant to its own purported termination policy or the DMCA (if applicable), *inter alia.*

33.   Plaintiff is informed and believes that eBay was aware of facts or circumstances from which infringing activity by mmgarchives was apparent, but took no steps cease such activities.

34.   Plaintiff is informed and believes that eBay's failure to terminate mmgarchives demonstrates an egregious failure to comply with both its own policies and Paragraph 3 of the November 15, 2004 court order in case 04-CV-00989 (S.D. Cal) making it clear that eBay has no workable termination policy whatsoever and that it was therefore in **in contempt of a court order.**

35.   Plaintiff is informed and believes that eBay had actual knowledge that material on the system or network it operates was infringing, but failed to disable access to the materials/activities that is claimed to be infringing or to be the subject of infringing activity.

36.   Plaintiff is informed and believes that eBay did in fact receive a financial benefit directly attributable to the infringing activity by the user mmgarchives, and that it

had has the right and ability to control such activity, but failed to do so.

37.  Plaintiff is informed and believes that did in fact receive a financial benefit directly attributable to its own direct use and distribution of Plaintiff's photographs.

38.  Such conduct constitutes direct infringement of Plaintiff's exclusive rights of copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. 106 and 501.

39.  Defendants have engaged and continue to engage in the business of inducing, causing, and/or materially contributing to the unauthorized reproduction, public display, and/or distribution of copies of the Photographs.

40.  Plaintiff gave notice to Defendant eBay of the infringing activity that was occurring on its networks/systems, but eBay did not thereafter take simple measures available to it to prevent the infringing activity and/or refused to take any action to remove access to or delete the infringing activity and/or images.

41.  Plaintiff is informed and believes that eBay induced the infringing activities of mmgarchives, by failing to terminate so that it could receive a financial benefit directly attributable to the infringing activity.

42.  Defendants enabled, induced, facilitated, and/or materially contributed to each act of infringement by infringing users. Defendants' conduct constitutes contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106, 109 and 501 of the Copyright Act, 17 U.S.C. 106, 109 and 501.

43.  Defendants have and have had the right and ability to control the infringing conduct alleged above. Defendants have derived, or have continuously attempted to derive, a direct financial benefit from the infringing use of the Photographs. As a direct and proximate result of Defendants' failure and refusal to control, prevent and/or remove the infringing activity, Defendants have infringed Plaintiffs' copyrights in the Photographs as set forth above. Defendants' conduct constitutes

**Complaint for Copyright Infringement**

9

vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. 106 and 501.

44. Because Defendants have received a financial benefit directly attributable to the infringing activity and has the right and ability to control such activity, Defendants are not entitled to any DMCA safe harbor pursuant to Section 512 of the Copyright Act, 17 U.S.C. Section 512.

45. Defendants' acts of infringement were willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants knew or recklessly failed to know that they did not have the right to use the Photographs in the manner in which they used the Photographs and intentionally failed to take simple measures that were available to them to stop the infringing activity.

46. As a direct and proximate result Defendants' infringements, Plaintiff was damaged, and Plaintiff is entitled to his actual damages and Defendants' profits pursuant to 17 U.S.C. section 504(b).

47. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. Section 504(c) with respect to each work infringed or such other amounts as may be proper under 17 U.S.C. Section 504(c).

48. Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. Section 505.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages.

2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct.

3. For statutory damages under the Copyright Act.

**Complaint for Copyright Infringement**

4.    For prejudgment interest.

5.    For attorneys fees and costs.

6.    For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

a.  enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

b.  the seizure of all property made in, or used to assist in the, violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photographs, all domains and all servers and other computer equipment used to publish, broadcast or archive the Photographs.

7.    For such other and further relief as this Court deems just and appropriate.

Dated: January 2, 2018

BY: _____

Barry Rosen, Pro Per

**Complaint for Copyright Infringement**

11

1

## DEMAND FOR JURY TRIAL

2

3      Plaintiff demands a jury trial.

4      Dated: January 2, 2018

5

6                                    BY: _____

7                                           Barry Rosen, Pro Per

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint for Copyright Infringement**